HENRY ATLAS SONS, INC., A NEW YORK CORPORATION, PLAINTIFF, v. EDWARD C. OERTZEN, DEFENDANT.

Decided May 10, 1943.

Before Justice PARKER, at chambers.

For the plaintiff, *Eisenberg & Spicer.*

For the defendant, *Michael Breitkopf.*

PARKER, J. The defendant was held to bail in a contract action by order of a Supreme Court Commissioner upon a claim that he had agreed, in substance, as a bond broker, to obtain for the plaintiffs a surety bond to a department of the Government in the sum of about $350,000, for which his commission was to be $7,500. The plaintiffs paid the defendant $1,000 on account subject to an agreement that it was to be returned if the defendant should fail to procure the bond as agreed. Part of the agreement was that the bond was to be acceptable to the department. It turned out that it was not acceptable and the plaintiffs demanded the $1,000 back and, failing payment, sued out a *capias* on the theory of the defendant having fraudulently incurred an obligation. Thereupon the defendant applied for, and obtained, an order for the taking of testimony concerning the truth of the proofs

upon which the order of bail was made pursuant to the statute, now *R. S.* 2:27–78 and 79; *N. J. S. A.* 2:27–78, 2:27–79. Those proofs have been taken and the defendant asks to be discharged from arrest.

The arguments on this point seem to revolve around the question whether a voluminous indemnity agreement, partly printed and partly typewritten, contained on the second page thereof at line 125, when it was executed certain typewritten words. The defendant testified that those words were present when the agreement was signed by the plaintiffs; two of the plaintiffs testified that the typewritten words were not there. Line 125 reads as follows (in print) : "10. To waive and do hereby waive * * * [in typewriter] Trust Agreement with Edward C. Oertzen May 21st, 1942."

The plaintiffs rely to some extent on the case of *Painter* v. *Houston,* 28 *N. J. L.* 121, decided in 1859, wherein it was held, among other things, that counter-affidavits could not be admitted at the hearing, but that rule was abrogated by the Act of 1861 (*Pamph. L., p.* 312, now *R. S.* 2:27–78; *N. J. S. A.* 2:27–78), and consequently the question to be decided is whether the proofs taken before the Commissioner pursuant to the statute clearly show that the writ should not have issued. This is the holding in *Tyler* v. *Allen,* 31 *N. J. L.* 441, decided in 1866, and based on the statute.

As I understand the practice, the burden of proof in a situation of this kind is on the defendant to show that the affidavits on which the *capias* was issued were without substantial basis of fact. My conclusion in the matter is that in this case the defendant has not borne that burden, and consequently the application will have to be denied.